UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOSHSHINA MCGLOTTEN,                  Civil Case No. _____

        Plaintiff,

                                                                           **NOTICE OF REMOVAL**

       -*against*-

BROWN AND CALDWELL AND KEN BRUCE,

        Defendants.

------------------------------------------------------------------ X

TO:    UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. § 1441, *et seq.*, defendants BROWN AND CALDWELL ("B&C") and KEN BRUCE ("Mr. Bruce") (collectively, "Defendants"), hereby remove the state court action, *Joshshina McGlotten v. Brown and Caldwell, et al.*, Index Number 154666/17, Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removal is warranted under 28 U.S.C. § 1441(a) because Plaintiff's Summons and Complaint asserts a claim arising under federal law over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, Plaintiff's related state law claims arise from the same case or controversy as Plaintiff's federal law claim(s), and are therefore subject to this Court's supplemental jurisdiction pursuant to 20 U.S.C. § 1367.

In support of this notice and grounds for removal, Defendants state as follows:

1.     The Summons and Complaint in this action was served upon B&C on or about May 22, 2017.[1]

---

[1]     Defendant Mr. Bruce was not and has not been served, but the undersigned agrees to accept service on behalf of Mr. Bruce.

1

2. A copy of the Summons and Complaint is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. § 1446(a), aforementioned Summons with Notice constitutes all of the process, pleadings and orders served on Defendants prior to their removal of this action.

3. In the Summons and Complaint, Plaintiff alleges claims of failure to pay overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Ex. A.

### I. Jurisdictional Basis for Removal – Federal Question

4. Under the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the laws of the United States.

5. Here, Plaintiff's failure to pay overtime claim under the FLSA constitutes a claim being brought under the laws of the United States.

6. Accordingly, this action presents claims arising under the laws of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

### II. Supplemental Jurisdiction over Plaintiff *Pro Se*'s Additional Claims – Same Case or Controversy

7. In addition to jurisdiction over any of Plaintiff's claims under federal law, this Court has supplemental jurisdiction over any of Plaintiff's related state law claims. Specifically, 28 U.S.C. § 1367 confers jurisdiction to this Court over all claims which form part of the same case or controversy as the claim(s) over which the Court has original jurisdiction.

8. Plaintiff's failure to pay overtime claims under the FLSA and NYLL clearly stem directly from the same common set of alleged facts and circumstances.

### III. Removal to this Court is Otherwise Proper

9. This notice is being filed within 30 days of service upon Defendants, and thus is timely under 28 U.S.C. § 1446(b).

10. The United States District Court for the Southern District of New York embraces the county in which the state court action is now pending, and thus this Court is the proper venue for this action.

11. In accordance with 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Supreme Court of the State of New York, County of New York, and a Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff.

12. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of New York, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: New York, New York
June 12, 2017

GORDON & REES, LLP

BY: *[signature]*

Kuuku Minnah-Donkoh
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
*Attorneys for Defendants, Brown and Caldwell, and Ken Bruce*

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing Notice of Removal, with exhibit, together with the Notice to Plaintiff of Filing of Notice of Removal, was sent via United States mail on the 12th day of June, 2017, postage prepaid thereon to:

      John DeMaio
      Attorney at Law
      75 Maiden Lane, Suite 205
      New York, New York 10038
      (212) 405-2104
      *Attorney for Plaintiff*

                                                        _____
                                                             Kuuku Minnah-Donkoh